```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

UNITED STATES OF AMERICA                  :         ORDER

          -against-                       :         20 MJ 4956

KWASI KIRTON                              :

          Defendant.                      :

------------------------------------------------------------------------x
```

LISA MARGARET SMITH, United States Magistrate Judge:

On May 12, 2020, the Honorable Paul Davison signed a Complaint which charged this defendant with one count of being a felon in possession of ammunition in and affecting commerce (DE 2), and an arrest warrant was issued on the basis of that Complaint. DE 3. On May 15, 2020, the defendant was arrested. Today, June 19, 2020, a preliminary hearing was held before the undersigned pursuant to FEDERAL RULE OF CIVIL PROCEDURE 5.1.[1] The preliminary hearing was conducted remotely, due to the strictures of the coronavirus COVID-19 pandemic, and pursuant to the CARES Act and the Standing Orders of this Court. Defendant was permitted to listen to the hearing by telephone conference call, to which he consented.

The sole witness at the preliminary hearing was Task Force Officer/Detective Ronnie Williams, a Detective with the Mount Vernon Police Department ("MVPD") who also serves as a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF").

---

[1] The time within which an indictment was to be filed expired on June 17, 2020; in light of the coronavirus COVID-19 pandemic the undersigned granted the Government until today to obtain an indictment or hold a preliminary hearing; the only Grand Jury sitting in this District is sitting on a once-weekly basis, on Mondays, and therefore no indictment could be obtained in that time.

The witness, the attorneys, and the Court were able to observe one another by video during the hearing, but the audio was transmitted by telephone conference call, and was recorded by a Court Reporter.  Detective Williams testified in a straightforward manner, and the undersigned credits his testimony as being credible.  Detective Williams affirmed the truth of the Complaint, which established probable cause for issuance of the arrest warrant.  In essence, he testified that on March 26, 2020, a shooting took place on East Third Street in Mount Vernon, he was notified of the shooting after the fact and responded to the scene.  A man had been shot and taken to the hospital; Detective Williams did not interview the victim.  Forty caliber shell casings were recovered from the scene, along the route that the shooter had run during the incident.  Although Detective Williams did not identify the number of recovered shell casings during his testimony, in the Complaint it is identified that "approximately five .40 caliber Smith & Wesson shell casings" were collected from the scene, among other things.  During the investigation two brief video surveillance recordings were obtained by MVPD personnel from a location immediately adjacent to the location of the shooting.

On March 27, 2020, one day after the shooting, Detective Williams viewed the two videotapes, which are extremely short in duration.  Those videotapes were also received in evidence during the preliminary hearing, and the undersigned has reviewed them several times. The first, which is approximately 4 seconds long, shows a black man, hereafter called the suspect, wearing dark clothing and a hat or head covering, running in the general direction of the camera, holding in his hand what appears to be a dark colored gun and pointing it in front of him.  The suspect is smoking a cigarette.  The second, which is approximately 14 seconds long, shows the same black man, running after a man in gray clothing, and pointing something in his hand in the direction of the other man.  The gray-clothed man fell into the street as the suspect

continued to run past the gray-clothed man.  Detective Williams learned that the gray-clothed man was the victim who had been shot.

During his 15 years with MVPD Detective Williams has had multiple occasions to see or interact with the defendant, Kwasi Kirton.  When he viewed the videotapes he identified the shooter as Kwasi Kirton.  In addition, another Police Officer of the MVPD, who had previously arrested Kwasi Kirton, separately viewed the videotapes and also identified Kwasi Kirton as the shooter.  Moreover, the videotapes were also viewed by several citizens of Mt. Vernon (perhaps as many as 3) who also identified the shooter as Kwasi Kirton.  Neither the victim nor any of the eyewitnesses to the shooting have identified the shooter, as far as Detective Williams knows.

Although Detective Williams' identification of Kwasi Kirton was challenged at the preliminary hearing, he did not waver in his certainty that the shooter was, in fact, Kwasi Kirton.  The videotape showing the front of the shooter, which was just 4 seconds long, is not an ideal basis from which to make an identification, but I conclude that an accurate identification was possible from that videotape, particularly because it showed the shooter's entire body while he was moving, and also showed his face, albeit very briefly.  The face was not in clear and distinct detail, but it could be made out; for example the Detective identified that the shooter had a cigarette in his mouth, and the undersigned was able to observe that on the videotape.  I'm satisfied that Detective Williams's identification of the shooter establishes probable cause to believe that the shooter committed the crime of possession of ammunition that had traveled in interstate commerce[2], and to believe that the shooter was Kwasi Kirton.  This finding of probable

---

[2] Detective Williams testified that he had consulted with an ATF firearms expert, a Special Agent Sansone, who identified the shell casings recovered from the scene as not having been manufactured in the State of New York, but likely to have been manufactured in Idaho.  Defendant's counsel challenged the sufficiency of this testimony to support the element of the

cause is further supported by the independent identification of Kwasi Kirton as the shooter by a separate member of the MVPD.

Having concluded that probable cause has been established that Kwasi Kirton committed the crime charged in the pending Complaint, it is

HEREBY ORDERED that Kwasi Kirton shall be made to appear for further proceedings in this matter, which shall occur upon the Government obtaining an indictment in the case. Further proceedings may be handled remotely, in accordance with the existing CARES Act procedures and the Court's Standing Orders.

This constitutes the Decision and Order of the Court.

Dated: June 19, 2020
       White Plains, New York

                                        **SO ORDERED**

                                        _____
                                        Lisa Margaret Smith
                                        United States Magistrate Judge
                                        Southern District of New York

---

ammunition having been in and affecting commerce, but the testimony is more than sufficient to establish probable cause on this element.